IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | No. BK 09 81063 |
| | ) | Chapter 13 |
| RICHARD A. MAGNI AND | ) | |
| TAMMY L. MAGNI | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW U.S. Bank National Association ND, (hereinafter referred to as "Creditor") and shows to the Court that the above Debtors, Richard A. Magni and Tammy L. Magni have filed a proceeding under Chapter 13 of the Bankruptcy Code and that same is still pending.

I.

That on March 7, 2003, Richard A. Magni and Tammy L. Magni, husband and wife, executed a certain promissory note and deed of trust in favor of the Plaintiff with regard to the following described real estate to-wit:

> LOT 165, SEVILLE SUBDIVISION TO THE CITY OF OMAHA,
> IN DOUGLAS COUNTY, NEBRASKA.

that said Deed of Trust was recorded in the office of the Register of Deeds of Douglas County, Nebraska in Book 8000 at Page 612 of the Mortgage Records of said County.

II.

That the Debtors are in default under said Deed of Trust in that payments are due for December 6, 2008 through April 6, 2009. Debtors have pre-petition arrearage as follows:

| | |
|---|---:|
| Payments are due for 12/06/08 through 4/06/09. | 1,908.80 |
| Payments are revolving per month. | |
| Late Charges | 1,225.00 |
| Overline Fee | 23.28 |
| Annual Fees | 533.80 |

| | |
|---|---|
| History Fee | 25.00 |
| BPO | 200.00 |
| Title Work | 85.00 |
| Inspections to 4/09 @ $41.25 | 201.50 |
| TOTAL | $4,202.38 |

That the Debtors are in default under the Debtor's Chapter 13 Plan. Debtors have post-petition arrearage as follows:

| | |
|---|---|
| Payments are due for 12/06/09 through 3/06/10. Payments are revolving per month. | 1435.63 |
| Legal Invoices Paid by U.S. Bank | 1,880.08 |
| Annual/Miscellaneous Fees | 90.00 |
| Inspections to 5/09 – 3/10 @ $46.00/month | 463.25 |
| Attorney Fees | 650.00 |
| Motion for Relief Filing Fee | 150.00 |
| TOTAL | $4,668.96 |

III.

That the Debtors have no equity in the above-referenced real property and that by reason of same, Plaintiff should be granted relief from the automatic stay in order to pursue its equitable remedy of liquidation of its deed of trust.

WHEREFORE, the Plaintiff requests that the Court grant relief from the automatic stay provided in Subsection (a) of Title 11, Section 362 of the Bankruptcy Code; that the Court waive the ten-day stay provided for in Rule 4001(a)(3), for attorney fees and costs and such other relief as may be appropriate to protect Plaintiff's rights herein.

U.S. BANK NATIONAL ASSOCIATION, N.D.,
Movant,

By:/s/ Paul J. LaPuzza
    Paul J. LaPuzza

          LaPUZZA LAW, P.C., L.L.O.
          275 North 115th Street
          Omaha, Nebraska 68154
          Telephone: (402) 391-7500;
          plapuzza@lapuzzalaw.com

ATTORNEY FOR MOVANT.

CERTIFICATE OF SERVICE

     I hereby certify that on March 18, 2010, I electronically filed a Motion for Relief from Automatic Stay with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Richard A. Magni and Tammy L. Magni, 831 N. 148th Avenue, Omaha, Nebraska 68154.

                                        /s/ Paul J. LaPuzza
                                        Paul J. LaPuzza