IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-81063-TLS |
| | ) | |
| RICHARD ALLEN MAGNI, SR. and | ) | CH. 13 |
| TAMMY LYNN MAGNI, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on April 19, 2010, on a motion for relief from stay filed by U.S. Bank National Association ND (Fil. #90), and a resistance by Debtors (Fil. #95). Trinh P. Tran appeared for Debtors, and Paul J. LaPuzza appeared for U.S. Bank National Association ND ("U.S. Bank").

U.S. Bank holds the second mortgage lien on Debtors' residence legally described as Lot 165, Seville Subdivision to the City of Omaha, in Douglas County, Nebraska. According to the evidence presented by U.S. Bank, Debtors have failed to pay their post-petition payments from and after December 6, 2009. U.S. Bank calculates the post-petition arrearage to be $3,156.25.

In their resistance to the motion, Debtors do not dispute the existence of the post-petition default. Instead, Debtors argue that U.S. Bank should not be allowed to charge certain fees included in the calculation of the arrearage. At the hearing, counsel for Debtors argued that the inspection fees totaling $463.25 are unreasonable and the "Annual/Miscellaneous Fees" in the amount of $90.00 should not be allowed. Upon review of the affidavit presented into evidence by U.S. Bank, I agree that U.S. Bank has failed to present a sufficient factual or legal basis for charging the "Annual/Miscellaneous Fees" of $90.00 and the inspection fees of $463.25.

However, that does not change the fact that Debtors have failed to comply with the terms of their confirmed plan by not paying the post-petition mortgage payments in a timely manner. Specifically, according to the evidence, Debtors are delinquent for the December 6, 2009, through April 6, 2010, mortgage payments in the total amount of $1,803.00, plus attorney's fees of $650.00 and the motion for relief filing fee of $150.00, for a total due of $2,603.00.

At the hearing, Debtors' counsel argued that Debtors could cure that delinquency over a period of 12 months. However, Debtors offered no evidence. In particular, no evidence was offered to explain why the post-petition delinquency occurred in the first place, nor was there any evidence to explain any change in circumstances that would now allow Debtors to recommence making the payments in addition to an arrearage cure payment. Absent such evidence, this Court cannot find that Debtors have the ability to cure their default. Accordingly, it would not be appropriate to impose a one-year cure period upon U.S. Bank.

The default by Debtors under their confirmed plan constitutes cause for granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). However, entry of the order granting relief from stay shall be deferred to give Debtors a short period of time to cure the delinquency, minus the inspection fees and the annual/miscellaneous fees.

IT IS, THEREFORE, ORDERED that the motion for relief from stay (Fil. #90) is deferred. Debtors shall have until May 5, 2010, to pay U.S. Bank the sum of $2,603.00 to cure their post-petition delinquency and to file proof of such payment with this Court. If Debtors fail to pay U.S. Bank by May 5, 2010, U.S. Bank may submit an affidavit advising of such failure, and this Court will enter an order granting the relief requested.

DATED: April 20, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 *Trinh P. Tran
 *Paul J. LaPuzza
 Kathleen Laughlin
 United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.